162 So. 723

**ROSATO v. CIOLINO.**

No. 33358.

June 19, 1935.

Rehearing Denied July 12, 1935.

Daly & Hamlin, of New Orleans, for appellant.

McCloskey & Benedict and Sommer Benedict, all of New Orleans, for appellee.

LAND, Justice.

Plaintiff obtained a judgment against defendant in the lower court, decreeing a separation from bed and board between them, and granting unto plaintiff the permanent care, custody, and control of her minor child, John Charles Ciolino, and for all costs.

From this judgment, defendant has appealed.

Plaintiff alleges in article 2 of her petition that she has always conducted herself properly, has given her husband no cause or provocation for ill treatment, but, on the contrary, has always done all in her power to make his home comfortable and happy; and that she has always been a faithful and dutiful wife.

In his answer, defendant admits the allegations made by plaintiff in article 2 of the petition, but, in the remaining articles of the answer, denies plaintiff's charges of habitual intemperance, and of defendant's repeated acts of cruel treatment, consisting of cursing, abusing, and defaming plaintiff in the presence of her associates, and even in the presence of her mother, and of the servant; of forcing plaintiff to leave home and to remain away on a number of occasions; of beating and cursing plaintiff, and, on one occasion, tearing her dress from her body, and forcing her to run into the street in order to escape serious injury; and of following plaintiff to her father's home, to which she had fled, and attempting to force an entrance, threatening plaintiff and her relatives, and brandishing a pistol, etc.

Plaintiff has testified that the charges made by her against defendant are true, and her testimony is corroborated by that of Charles V. Rosato, Mrs. Frances Rosato, Miss Eugenie Mead, and Edna Johnson, colored maid.

Charles Rosato, father of plaintiff, did not appear and testify in the case, but the record, at page 61, contains the following admission: "It is admitted that Mr. Rosato,

father of plaintiff, would testify that on an occasion in or about the month of January, 1932, he, Mr. Rosato, in response to a telephone call from his daughter, Mrs. Ciolino, at night, came by automobile to a spot near Ciolino's home, where he found his daughter hysterical, her clothing torn and body bruised; that he brought his daughter to his home and a short time later Mr. Ciolino appeared before the Rosato home brandishing a pistol and threatened the Rosatos and Mrs. Ciolino, and attempted to force an entrance into the Rosato home; that as a consequence of Mr. Ciolino's actions, it was necessary to call for the police, and that, on the same occasion, Mr. Ciolino assaulted him, Mr. Rosato, and he, Rosato, was forced to defend himself."

Defendant, on the witness stand, denied all of these charges. He testified that he was in the bootlegging business during most of the time he was married, and that he bootlegged "from the first day prohibition started until the last day"; that, as long as he was making money, his wife was satisfied; but became discontented when his earning capacity decreased; and that all of the "fusses" between them arose over the money question, as she insisted upon spending more money than he was able to afford.

Plaintiff denied defendant's charges, which are not corroborated by a single witness.

The only witness produced by defendant was Gertrude Bell, a colored maid, who had worked at the Ciolino home about two and a half or three months. This witness testified that she only heard one quarrel. When asked what that was about, she replied: "Well I could not understand the quarrel thoroughly, but I understood him to say—it was raining a certain Saturday afternoon and she said she wasn't going out, and he said if she went out he would take the baby out. I was going to quit. I understand now he didn't want her to go out." T. 77.

This witness arrived at the Ciolino home at 7:30 a. m. and left work at 6:30 or 7 or 7:30 p. m., and knows nothing about what occurred there later in the night, during the short period of her employment.

We do not find it necessary to go into the details of each of the charges made by plaintiff against defendant. The ultimate fact is that plaintiff has sustained these charges with a clear preponderance of evidence, and that the trial judge, who saw and heard the witnesses, was satisfied with their credibility and trustworthiness.

Our conclusion is that the domestic life of plaintiff has been very unhappy, and that the cruel treatment to which she has been repeatedly subjected by defendant is of such a nature as to render their living together insupportable.

Judgment affirmed.

O'NIELL, C. J., absent.